# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-1224V
Filed: January 29, 2019
Not to be Published

*************************************
JESSICA WILLIAMS, mother of       *
E.W.H.,                            *
                                   *
            Petitioner,            *        Damages decision based on
                                   *        stipulation; diphtheria tetanus
                                   *        acellular pertussis ("DTaP");
    v.                             *        influenza ("flu") vaccine; eczema
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
                                   *
*************************************

Richard Gage, Cheyenne, WY, for petitioner.
Althea Walker Davis, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On January 29, 2019, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that her child, E.W.H., suffered eczema and scarring as a result of his May 22, 2014 receipt of varicella, measles mumps rubella ("MMR"), diphtheria tetanus acellular pertussis ("DTaP"), inactivated polio virus ("IPV"), and influenza ("flu") vaccines. Respondent denies that these vaccines, alone or in combination, caused petitioner's son's eczema or any other injury. Nonetheless, the parties agreed to resolve this matter informally.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). **This means the decision will be available to anyone with access to the Internet.** Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

The undersigned finds the terms of the stipulation to be reasonable. The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the court awards a lump sum of **$12,500.00**, in the form of a check payable to petitioner, as guardian/conservator of E.W.H.'s estate, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 29, 2019                    /s/ Laura D. Millman
                                                                                Laura D. Millman
                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JESSICA WILLIAMS, mother of E.W.H., ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH ) AND HUMAN SERVICES, ) ) Respondent. ) | No. 15-1224V Special Master Laura D. Millman ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jessica Williams ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of her minor child, E.W.H. The petition seeks compensation for E.W.H.'s injuries allegedly related to receipt of varicella, measles-mumps-rubella ("MMR"), diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio virus ("IPV"), and influenza vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. E.W.H. received varicella, MMR, DTaP, IPV, and influenza vaccines on May 22, 2014.

3. The vaccines were administered within the United States.

4. Petitioner alleges that E.W.H. suffered eczema and scarring as the result of his vaccinations. Petitioner further alleges that E.W.H. experienced the residual effects of his injuries for more than six months.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of E.W.H.'s condition.

6. Respondent denies that varicella, MMR, DTaP, IPV, or influenza vaccines, alone or in combination, caused E.W.H.'s alleged injury, any other injury, or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$12,500.00**, in the form of a check payable to petitioner, as guardian/conservator of E.W.H.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceedings upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

2

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraphs 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of E.W.H.'s estate under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of E.W.H.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of the estate of E.W.H. at the time the payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of E.W.H. upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation, will be used solely for the benefit of E.W.H., as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of E.W.H., on behalf of herself, E.W.H., and E.W.H.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and

3

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of E.W.H. resulting from, or alleged to have resulted from vaccinations administered on or about May 22, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about October 21, 2015, in the United States Court of Federal Claims as petition No. 15-1224V.

15. If E.W.H. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

4

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that varicella, MMR, DTaP, IPV, or influenza vaccines, alone or in combination, caused E.W.H.'s eczema or scarring, or any other injury or his current condition.

19. All rights and obligations of petitioner in her capacity as legal representative of E.W.H. shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

PETITIONER: *[signature]*

JESSICA WILLIAMS

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

RICHARD GAGE
1815 Pebrican Avenue
P.O. Box 1223
Cheyenne, WY  82003
(307) 433-8864

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD  20857

Dated: 1/29/2019

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Althea Walker Davis by Meredith B. Healy*

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-0515

6